UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOHN R.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. 4:24-cv-00609-AKB-REP

**MEMORANDUM DECISION AND
ORDER ADOPTING REPORT AND
RECOMMENDATION**

## INTRODUCTION

Plaintiff, John R., seeks review under 42 U.S.C. § 405(g) of the Commissioner's denial of his application for disability insurance benefits. The ALJ issued an unfavorable decision on January 26, 2024; the Appeals Council denied Plaintiff's petition for review on November 4, 2024; and Plaintiff filed this action on December 17, 2024. After briefing (Dkts. 18, 20), Magistrate Judge Patricco issued a Report and Recommendation (R&R), recommending that the Commissioner's decision be affirmed (Dkt. 24). Plaintiff filed objections (Dkt. 25), and the Commissioner responded (Dkt. 26). The Court reviews de novo those portions of the R&R to which objections were made. 28 U.S.C. § 636(b)(1).

## FACTUAL BACKGROUND

The ALJ found that Plaintiff had the following severe medically determinable impairments: "lumbar degenerative disc disease, right shoulder SLAP and rotator cuff repair, and degenerative joint disease of the left ankle status post remote fracture" (Dkt. 12 at 25). The ALJ further found that because "the claimant's medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas and because the evidence does not otherwise

**MEMORANDUM DECISION AND ORDER - 1**

indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are non-severe" (*id.* at 30). The ALJ similarly found that because "the claimant's symptoms from these medically determinable impairments do not significantly limit the claimant's mental or physical ability to perform work related activities, they are determined to be 'non-severe'" (*id.*). As a result, the ALJ assessed whether an impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; the ALJ found no conditions, individually or in combination, met or medically equaled the severity of a listed impairment (Dkt. 12 at 30-31).

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work, except Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; push and pull frequently with the arms; stand and walk for 6 hours of an 8-hour work day with standard breaks; sit for 6 hours of an 8-hour work day with standard breaks; frequently stoop and climb ramps and stairs; occasionally kneel, crawl, crouch, climb ladders, ropes, and scaffolds, and balance, as that term is used in the Department of Labor's Selected Characteristics of Occupations, and frequently reach to the front and sides and occasionally reach overhead, with restrictions (*id.* at 32). Finally, the ALJ found Plaintiff was "capable of performing past relevant work as a Telephone Services Sales Representative as generally performed" and not disabled (*id.* at 36-37).

Plaintiff objects to the Magistrate Judge's recommendation to affirm the ALJ's decision. Plaintiff argues that the Magistrate Judge erroneously (i) failed to fully consider the impact of Plaintiff's non-severe mental impairments; and (ii) failed to clearly articulate his evaluation of consistency and supportability as required by 20 C.F.R. § 404.1520c (Dkt. 25 at 1-4).

**MEMORANDUM DECISION AND ORDER - 2**

## OBJECTIONS

In challenging the Magistrate Judge's R&R, Plaintiff makes two objections. First, Plaintiff objects to the Magistrate Judge's finding that the ALJ's Step Four determination and RFC was proper, even though it does not fully consider the impact of Plaintiff's non-severe mental impairments (Dkt. 25 at 1). Second, Plaintiff objects to the Magistrate Judge's finding that an ALJ must only provide an explanation sufficient to permit meaningful review, rather than clearly articulate his evaluation of consistency and supportability as required by 20 C.F.R. § 404.1520c (Dkt. 25 at 3).

## LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which Plaintiff objects. 28 U.S.C. § 636(b)(1). The Commissioner's decision must be upheld if it is supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo*, 871 F.3d at 674. Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

MEMORANDUM DECISION AND ORDER - 3

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401; *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson*, 359 F.3d at 1196.

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

MEMORANDUM DECISION AND ORDER - 4

## ANALYSIS

### 1.      The ALJ's Step Four Determination and RFC Was Proper

Plaintiff argues that if an ALJ finds an impairment is non-severe, that means it does not significant impact "basic" work activities, but it does not mean that the more demanding activities of "skilled" work are also not significantly expected (Dkt 25 at 2). Plaintiff cites *Spencer v. O'Malley*, 2024 WL 551637 at *4 (E.D. Mo. Feb. 12, 2024) in support and argues that failing to explain how mild impairments do not impact skilled work requires remand. But the Magistrate Judge addressed this argument and aptly noted that binding precedent does not support the position that mild impairments necessarily warrant RFC limitations such that further explanation was warranted (Dkt. 24 at 10-12) (citing *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022)); *see also Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007); *Tyson v. Kijakazi*, 2023 WL 2313192 at *5 (E.D. Ca. 2023). The Court agrees and finds the ALJ's interpretation of the evidence before it was reasonable; this Court will not reweigh it. *See Ludwig*, 681 F.3d at 1051.

Upon de novo review, Plaintiff's first objection is overruled.

### 2.      The ALJ Provided an Explanation Sufficient to Permit Meaningful Review and Clearly Articulated His Evaluation of Consistency and Supportability as Required by 20 C.F.R. § 404.1520c

Plaintiff next argues the ALJ incorrectly relied on a summary of Dr. Hill's medical opinion. An ALJ evaluates the "persuasiveness" of the opinions based on several factors, including (i) supportability, (ii) consistency, (iii) relationship with the claimant, (iv) specialization, and (v) any "other factors that tend to support or contradict a medical opinion." 20 C.F.R. §§ 416.920c(c)(1)-(5). The ALJ's duty to articulate a rationale for each factor varies. 20 C.F.R. § 404.1520c(a)-(b). To be upheld, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods*, 32 F.4th at 787.

MEMORANDUM DECISION AND ORDER - 5

Dr. Hill diagnosed Plaintiff with lumbar degenerative disc disease with radiculopathy, bilateral shoulder pathology, degenerative arthritis of the right knee and left foot/ankle, moderate recurrent major depression, and generalized anxiety disorder (Dkt. 12 at 627-28). The ALJ found the opinions unpersuasive when considering supportability and consistency, which are the two most important factors. *Woods*, 32 F.4th at 792; 20 C.F.R. § 416.920c(b)(2). The other listed factors are not required to be addressed where Plaintiff has not shown two or more medical opinions which were well supported and consistent with the record, but not exactly the same. Here, the ALJ's explanation was sufficient to support and allow a meaningful review, which Magistrate Patricco provided (Dkt. 24 at 16-18).

Upon de novo review, Plaintiff's second objection is overruled.

## ORDER

Having conducted de novo review, the Court concludes the ALJ's decision is supported by substantial evidence and free of legal error. For the reasons set forth above, the R&R is affirmed in its entirety and Plaintiff's request for remand is denied.

**IT IS ORDERED**:

1. Plaintiff's Objections (Dkt. 25) are **OVERRULED**.

2. The Report and Recommendation (Dkt. 24) is **ADOPTED IN FULL**.

3. The Commissioner's decision is **AFFIRMED**.

4. Plaintiff's Complaint (Dkt. 1) is **DISMISSED** with prejudice.

Judgment shall be entered accordingly.

DATED: August 03, 2026

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**